UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEITH JAMES WROMAS, JR.,

    Plaintiff,

v.   Case No. 5:22-cv-33-TKW-MJF

REGINALD CROMARTIE, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 10. Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.[1]

    I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Keith James Wromas (DC# M09561) is a Florida prisoner confined at the Union Correctional Institution in Raiford, Florida. Wromas initiated this

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

lawsuit on January 28, 2022 (per "mailbox rule"), by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Wromas's amended complaint names eleven Defendants: Ricky Dixon, Secretary of the Florida Department of Corrections ("FDC"); an "Unknown Use of Force Nurse" at Gulf Correctional Institution ("Gulf CI"); and nine prison officials at Gulf CI (Officer Reginald Cromartie, Officer C. Watson, Officer Pace, Officer Reynard, Officer Spencer, Officer Cole, Colonel Ricks, Warden Payne and Captain Horton). Doc. 10 at 1-6.[2]

Wromas's claims arise from a use of force incident that occurred at Gulf CI on January 14, 2022. Doc. 10 at 9. Wromas claims that the Defendants violated his rights under the Eighth Amendment when certain Defendants used excessive force on him, others failed to intervene, others failed to provide adequate medical care, and others falsified reports and documents to cover up the "assault." As relief, Wromas seeks damages and injunctive relief. *Id*. at 9-13.

## II.   DISCUSSION

A.   ***Screening of Wromas's Amended Complaint***

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc);

---

[2] Citations to page numbers of the amended complaint are to the numbers assigned by the court's Electronic Case Filing system ("ECF").

*see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x

962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

**B.     *Wromas's Reponses to Questions on the Complaint Form***

In his amended complaint filed on March 25, 2022, Wromas provided answers to Section VIII of this court's civil rights complaint form, which requires him to disclose his litigation history. Doc. 10 at 14-17. The introduction to Section VIII explains the "three strikes rule" of 28 U.S.C. § 1915(g), and defines a "strike" as follows: "an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Doc. 10 at 14 (quoting 28 U.S.C. § 1915(g)).

Question VIII(A) of the complaint form asks, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" Doc. 10 at 15. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Wromas marked "No," and disclosed no cases.

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issue involved in this case?" Doc. 10 at 15. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Wromas marked "Yes," and disclosed the following two lawsuits he filed in the Northern District of Florida: (1) *Wromas v. Tuten, et al.*, Case No. 4:18-cv-209-MW-MAF; and (2) *Wromas v. Murson, et al.*, Case No. 3:20-

cv-2698-MCR-EMT. Wromas disclosed no other lawsuits in response to Question (B). Doc. 10 at 15-16.[3]

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" Doc. 10 at 16. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question VIII(C), Wromas marked "Yes," and disclosed one lawsuit he filed in the United States District Court for the Middle District of Florida: *Wromas v. Cruz, et al.*, Case No. 2:17-cv-155-JLB-MRM. Doc. 10 at 16. Wromas disclosed no other lawsuits in response to Question (C). *Id*. at 16-17.[4]

Wromas's initial complaint disclosed the same three lawsuits identified above, in addition to an interlocutory appeal he filed in Case No. 4:18-cv-209-MW-

---

[3] In Case No. 4:18-cv-209-MW-MAF, Wromas sued prison officials at Taylor Correctional Institution for excessive force, failure to intervene and falsification of reports. The case was closed upon the parties' joint stipulation of voluntary dismissal.

In Case No. 3:20-cv-2698-MCR-EMT, Wromas sued prison officials at Okaloosa Correctional Institution for excessive force, retaliation, and destruction of property. The case is still pending.

[4] In Case No. 2:17-cv-155-JLB-MRM, Wromas sued prison officials at Desoto Correctional Institution for excessive force and failure to intervene. The case is still pending.

MAF, which was assigned Eleventh Circuit Case No. 21-11824-E. *See* Doc. 1 at 16. Wromas's initial complaint disclosed no other lawsuits.

At the end of the civil rights complaint form, Wromas signed his name after the following certification: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." Doc. 10 at 17-18. Thus, Wromas has stated, in effect, that at the time he signed his amended complaint on March 25, 2022, he had not filed any other lawsuit in federal court that related to the conditions of his confinement.

C.   *Wromas's Omission*

The court takes judicial notice that, at the time Wromas filed his amended complaint in this case, he had initiated one other lawsuit in federal court that required disclosure. On January 9, 2018, Wromas filed a civil rights lawsuit in the United States District Court for the Southern District of Florida. *See Wromas v. Hunter, et al.*, Case No. 1:18-cv-20096-JLK. Wromas sued prison officials at Okeechobee Correctional Institution under 42 U.S.C. § 1983, for excessive force, failure to intervene, and medical deliberate indifference. The case was closed on March 11, 2020, upon the court granting summary judgment in favor of the Defendants. *See* 1:18-cv-20096-JLK, Doc. 135. Wromas appealed, and the appeal was assigned Eleventh Circuit Case No. 20-11433-F. As recently as February 17, 2021, Wromas

filed a notice of inquiry in Case No. 1:18-cv-20096-JLK, concerning the status of his appeal. *See* 1:18-cv-20096-JLK, Doc. 145.

The above lawsuit is attributable to Wromas because it bears his DC# M09561. Wromas did not disclose this prior lawsuit in the initial or amended complaint filed in the present case.

Wromas was required to disclose his prior lawsuit in response to Question VIII(C) of the complaint form, because the suit related to the conditions of Wromas's confinement. Wromas's failure to disclose the prior lawsuit violates his duty of candor to this court.

**D.    *Materiality of Wromas's Omission***

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at

969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Wromas falsely responded to a question on the complaint form as detailed above. Wromas knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case.***" Doc. 10 at 17. A penalty is warranted both to deter Wromas from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.  *The Appropriate Sanction is Dismissal Without Prejudice*

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Wromas's false response to go unpunished. *See, e.g., Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing without prejudice prisoner's amended complaint for abuse of the judicial process; prisoner's amended complaint failed to disclose a federal lawsuit he filed after his original complaint but before his amended complaint). If Wromas suffered no penalty for his untruthful response, there would be little or no disincentive for his

attempt to evade or undermine the purpose of the form. An appropriate sanction for Wromas's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *Redmon*, 414 F. App'x at 226; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Wromas an opportunity to amend his complaint to disclose the additional lawsuit would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this 21st day of April, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**