## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**KEITH JAMES WROMAS, JR.,**

        **Plaintiff,**

**v.**                           **Case No.  5:22-cv-33-TKW-MJF**

**REGINALD CROMARTIE, *et al.,***

        **Defendants.**

_____/

### ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 12).  Plaintiff filed a "Motion to Object to Doc. #12 and Request to Reconsider" (Doc. 14), which the Court construes as an objection to the Report and Recommendation.

The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3).  Based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed as an abuse of the judicial process due to Plaintiff's failure to fully disclose his litigation history.

The Court did not overlook Plaintiff's argument that he simply "forgot" to list one of his prior lawsuits.  However, even if that is true, it does not change the fact that Plaintiff certified under penalty of perjury that his answers to the litigation

history questions on the civil rights complaint form were true and correct.  The Court cannot simply allow Plaintiff to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent.  *See* Doc. 12 at 9-10; *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (rejecting inmate's argument that he should be allowed to amend his complaint to disclose cases that he previously omitted from his litigation history because "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form").

Accordingly, it is **ORDERED** that:

1.    The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2.    This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

3.    The Clerk shall close the case file.

**DONE and ORDERED** this 9th day of May, 2022.

*T. Kent Wetherell, II*

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**